# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CHANTIERRA MOORE and<br>DEMARCUS WILLIAMSON,<br><br>    Plaintiff,<br>vs.<br><br>H&R ACCOUNTS, INC., and<br>AMERICAN ACCOUNTS &<br>ADVISERS, INC.<br><br>    Defendant. | Civil Action File No.<br>4:21-cv-408 |

## DEFENDANT H&R ACCOUNTS, INC.'S ANSWER

COMES NOW, H&R Accounts, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiffs have not been damaged; therefore, Plaintiff may not recover against this Defendant.

### FOURTH DEFENSE

Plaintiffs lack standing.

### FIFTH DEFENSE

Plaintiffs' claims are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### SIXTH DEFENSE

Plaintiff failed to properly serve Defendant with the summons and complaint; therefore, there is insufficient service of process.

### SEVENTH DEFENSE

Plaintiff failed to properly serve Defendant with the summons and complaint; therefore, this Court lacks personal jurisdiction over the Defendant.

## EIGHTH DEFENSE

Plaintiffs are not the real party in interest.

## NINTH DEFENSE

This Court lacks personal jurisdiction over the Defendant.

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

### I. INTRODUCTION

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. The allegations contained in Paragraph 2 of the Plaintiffs' Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

### II. PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5. Defendant admits that it is an Illinois corporation. Defendant admits that it maintains an office at 5320 22nd Avenue, Moline, Illinois 61265.

6. Defendant admits that its registered agent for service in the State of Illinois is located at 208 So. LaSalle St., Suite 814 Chicago, Illinois 60604.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9. The allegations contained in Paragraph 9 of the Plaintiffs' Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

### III. FACTS OF THE COMPLAINT

10. The allegations contained in Paragraph 10 of the Plaintiffs' Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. Defendant admits that during a telephone call on November 11, 2021, Defendant stated that the dates of service were December 19, 2019, January 8, 2020 and September 23, 2020.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Plaintiffs' Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

### IV.   CLAIM FOR RELIEF
**(Defendant H&R Accounts, Inc. & American Accounts & Advisers, Inc.)**
**15 U.S.C. § 1692e(8) 15 U.S.C. § 1692e(2)**

21. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Dated: January 28, 2022.

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Mike Frost*
Michael L. Frost (AT0002685)
State Bar No. 19159
MALONE FROST MARTIN PLLC
1025 Technology Pkwy, Ste. J
Cedar Falls, IA 50613
mfrost@mamlaw.com

***COUNSEL FOR DEFENDANT***

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing motion was served upon all counsel of record via the Court E-Filing system and/or CMRR, this 28th day of January 2022:

**CMRR: 7020 1810 0000 2545 5846**
Chantierra Moore
1173 Prairie View Dr., Apt 73208
West Des Moines, IA 50266

**CMRR: 7020 1810 0000 2545 5846**
Demarcus Williamson
1173 Prairie View Dr., Apt 73208
West Des Moines, IA 50266

                                             */s/ Mike Frost*
                                             Michael Frost